Robert MAXWELL, Appellant,

v.

ARKANSAS DEPARTMENT OF
CORRECTION; Diagnostic
Unit, Defendants,

Rick Toney, Warden, Diagnostic Unit, ADC; Bobby Hamilton, Sgt., Diagnostic Unit, ADC; Sean Campbell, CO–II, Diagnostic Unit, ADC; Sharita Goodlow, CO–I, Diagnostic Unit, ADC, Appellees,

Varner Unit, Defendant,

Darryl Goden, Warden, Varner Unit, ADC; Sherry Conrad, Mail Room Supervisor, Varner Unit, ADC; Tammy Courtney, CO–II, Varner Unit, ADC, Appellees,

Patricia Gooley, Defendant,

Corderro Davis, CO–I, Varner Unit, ADC; Allene Anderson, CO–I, Varner Unit, ADC, Appellees,

Varner Super Max, Defendant,

Brooks Parks, Warden, Varner Super Max, ADC; Letha Phillips, CO–I, Varner Super Max, ADC; Latasha Carpenter, CO–I, Varner Super Max, ADC; Rodney Woods, CO–I, Varner Super Max, ADC; Inez Harden, CO–I, Varner Super Max, ADC; Revonna Walker, Classification Officer, Varner Super Max, ADC; Larry McCray, CO–I, Varner Super Max, ADC; Does, John and Jane 1–9, Varner & Varner Super Max Mental Health, Classification Board Members, and Diagnostic Unit Grievance Committee; Kimberly Tate, CO–I, Varner Unit, ADC; Joana Taylor, CO–I, Varner Unit, ADC; David Hurt, CO–I, Varner Super Max, ADC; Bobby Kent, CO–II, Varner Super Max, ADC; Phillip Gordon, CO–I, Varner Super Max, ADC; Shawn Brown, Ms, Varner Super Max Mental Health, ADC; Sandra Stratton, Classification Board Member; Angela Milburn, Classification Board Member; Willie Hampton, Classification Board Member; Debra Hampton, Classification Board Member; Abesie Kelly, Dr., Classification Board Member, Appellees.

No. 09–2868.

United States Court of Appeals,
Eighth Circuit.

Submitted: March 4, 2010.

Filed: March 8, 2010.

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

PER CURIAM.

In this interlocutory appeal, Arkansas Department of Correction inmate Robert Maxwell challenges the order of the District Court[1] denying his motion for a preliminary injunction. Upon careful review, we conclude that the District Court did not abuse its discretion in determining that a preliminary injunction was not warranted in this case. *See* 28 U.S.C. § 1292(a)(1) (giving courts of appeals jurisdiction of appeals from interlocutory orders refusing injunctions); *Bandag, Inc. v. Jack's Tire &*

---

1. The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

*Oil, Inc.,* 190 F.3d 924, 926 (8th Cir.1999) (per curiam) (standard of review). Maxwell did not allege sufficient facts to show a threat of irreparable harm resulting from the alleged threats and harassment, interference with his mail, or denial of his requests for library time. *See Dataphase Sys., Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113, 114 n. 9 (8th Cir.1981) (en banc) (holding that whether a preliminary injunction should issue involves consideration of, inter alia, the threat of irreparable harm and noting that lack of a threat of irreparable injury is a sufficient reason to deny a preliminary injunction); *see also Goff v. Harper,* 60 F.3d 518, 520 (8th Cir.1995) (explaining that a request for injunctive relief in the prison context is "viewed with great caution" because of the particular problems of prison administration).

Accordingly, we affirm.